IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **JERRY DORBIN,** | ) |
| | ) |
|     **Petitioner,** | ) |
| | ) |
| **v.** | )    **CIVIL ACTION NO. 5:11-0343** |
| | ) |
| | ) |
| **UNITED STATES OF AMERICA,** *et al.*, | ) |
| | ) |
|     **Respondents.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On May 16, 2011, Petitioner, acting *pro se*, filed an Application under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody and an Application to Proceed *in Forma Pauperis*.[1] (Document Nos. 1 and 3.). In his Petition, Petitioner asserts that the BOP is improperly denying him the "maximum period" in a community confinement facility that is authorized by the passage of the Second Chance Act. (Document No. 1.) First, Petitioner requests that this Court excuse him from the exhaustion requirement. (Id., p. 3.) Petitioner states that exhaustion would be futile and he would suffer irreparable harm because the "process would completely destroy any hope that the Petitioner has of receiving anything more than six (6) months." (Id., pp. 6 - 12.) Next, Petitioner argues that "[t]he Second Chance Act makes inmates eligible for 12 months, but the Bureau claims that the needs can usually be accommodated via a placement of six or less months." (Id., p. 3.) Petitioner explains that "in spite of the Act, it is requisite for a Warden to obtain the Regional Director's written concurrence before submitting the placement to the Community Corrections

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Manager." (Id.) Third, Petitioner complains that the BOP fails to make an individual determination based upon the factors set forth in Section 3621(b). (Id., p. 5.) Petitioner states that "it is essential to the Petitioner to obtain the most possible halfway house time in order to become a productive member of society, as well as become a better father." (Id.) As relief, Petitioner request that the Court "order the BOP in good faith to consider the petitioner on an individualized basis using the five factors set forth in 18 U.S.C. § 3621(b) plus take into consideration the language in 18 U.S.C. § 3624(c)(6)(c) granting him the maximum amount of time to first provide him with the greatest likelihood of successful reintegration into the community, second to help him reduce his risk of recidivism by providing him with a structured place in which he can slowly reintegrate into society, and last so that he can return to his family and successfully provide for them." (Id., pp. 12 - 13.)

As Exhibits, Petitioner attaches the following: (1) A copy of Petitioner's Inmate Request to Staff dated February 8, 2011 (Id., p. 14.); (2) A copy of Petitioner's "Request for Administrative Remedy Informal Resolution Form" dated March 30, 2011 (Id., p. 15.); and (3) A copy of Petitioner's "Request for Administrative Remedy" dated March 17, 2011 (Id., p. 16.).

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged

to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's placement in a RRC, the Respondent can no longer provide the requested relief. As relief, Petitioner requested "maximum" RRC placement. The Bureau of Prisons' Inmate Locator indicates that Petitioner is currently placed at Chicago CCM and has a projected release date of October 22, 2012. Accordingly, Petitioner's claims are rendered moot by virtue of his RRC placement.[2]

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that

---

[2] Furthermore, the undersigned finds that Petitioner failed to fully exhaust his administrative remedies. Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, Courts consistently require prisoners to exhaust their administrative remedies prior to seeking *habeas* review under Section 2241. *See McClung v. Shearin*, 90 Fed.Appx. 444, 445 (4th Cir. 2004)(unpublished)(*citing Carmona v. Bureau of Prisons*, 243 F.3d 629, 634 (2nd Cir. 2001)); *Pelissero v. Thompson*, 170 F.3d 442, 445 (4th Cir. 1999); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into court. *See Jones v. Bock*, 549 U.S. 199, 204, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *McCarthy v. Madigan*, 503 U.S. 140, 144-45, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). Exhaustion may be excused under ceratin circumstances, such as by a showing of futility or irreparable injury. It is clear, however, that exhaustion should not be excused simply because an inmate anticipates he will be unsuccessful in his administrative appeals or believes that the length of the exhaustion process will prevent the inmate from receiving a full 12 month RCC placement. *See Wright v. Warden*, 2010 WL 1258181, * 1 (D.Md. Mar. 24, 2010)(slip copy)(finding that "[e]haustion of administrative remedies is not rendered futile simply because an inmate anticipates he will be unsuccessful in his administrative appeals before the 12-month pre-release mark"); *also see Yannucci v. Stansberry*, 2009 WL 2421546, * 3 (E.D.Va. Jul. 28, 2009)(slip copy)(finding that inmate's claim that "he ran out of time to complete the administrative exhaustion process prior to filing his petition is not a sufficient excuse for failing to exhaust his [RRC] claims"); and *Garrison v. Stansberry*, 2009 WL 1160115, * 3 (E.D.Va. Apr. 29, 2009)(slip copy)(explaining that granting review of RRC placement claims because of "time-sensitivity" would encourage the filing of similar petitions before the administrative remedy process has run its course, which would "both undermine the effectiveness of the administrative review process and burden the Court with superfluous claims"). Based on the foregoing, the undersigned finds that Petitioner is not excused from exhausting his administrative remedies and his Petition should be dismissed.

the District Court **DENY** Petitioner's Application to Proceed *in Forma Pauperis* (Document No. 3.), **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: August 15, 2012.

R. Clarke VanDervort
United States Magistrate Judge