IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JERRY DORBIN,

        Petitioner,

v.             CIVIL ACTION NO.  5:11-cv-00343

UNITED STATES OF AMERICA
and WARDEN ZIEGLER,

        Respondents.

**MEMORANDUM OPINION AND ORDER**

   The Court has reviewed the Petitioner's May 16, 2011 Application under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody (Document 1) and Application to Proceed *in Forma Pauperis* (Document 3).

   By *Standing Order* (Document 4) entered on May 16, 2012, this action was referred to the Honorable R. Clarke VanDervort,United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On August 15, 2012, the Magistrate Judge submitted *Proposed Findings and Recommendation* (Document 6) wherein it is recommended that this Court deny the Petitioner's Application to Proceed *in Forma Pauperis*, dismiss the Petitioner's Petition for Writ of *Habeas Corpus*, and remove this matter from the Court's docket.

1

Neither party has timely filed objections to the Magistrate Judge's *Proposed Findings and Recommendation*.[1] The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

Accordingly, the Court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge as contained in the *Proposed Findings and Recommendation*, and **ORDERS** that the Petitioner's Application to Proceed *in Forma Pauperis* (Document 3) is **DENIED**, the Petitioner's Petition for Writ of *Habeas Corpus* (Document 1) is **DISMISSED**, and this action is **REMOVED** from the Court's docket.

The Court has additionally considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

---

[1] The docket reflects that the *Proposed Findings and Recommendation* mailed to the Petition was returned as undeliverable (Document 8).

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge VanDervort, counsel of record, and any unrepresented party.

ENTER: September 7, 2012

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA